**Lester TELLIS, Plaintiff–Appellant,**

v.

**S. GODINEZ, et al., Defendants–Appellees.**

**No. 91–16296.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1992.*

Decided Sept. 28, 1993.

---

* The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Lester Tellis, in pro. per.

George H. Taylor, Deputy Atty. Gen., Carson City, NV, for defendants-appellees.

Before: GOODWIN, FARRIS, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Nevada state prisoner Lester Tellis appeals pro se from a district court order granting summary judgment in favor of defendant prison officials. Tellis brought this action under 42 U.S.C. § 1983, alleging that prison authorities violated his due process rights by withholding interest earned on funds in his personal prison bank account.[1] We reverse.

## BACKGROUND

Lester Tellis is a Nevada state prisoner serving two consecutive life terms with the possibility of parole and an additional consecutive term of 109 years. He currently has $163.72 on deposit in the Nevada "prisoners' personal property fund."

Tellis twice requested that prison officials credit his personal property account with interest actually earned on those funds. Defendants refused, claiming that Nevada Revised Statute 209.241 grants the Director of Prisons authority to use interest earned on prisoners' personal accounts at the director's discretion.

Tellis then filed a pro se complaint under 42 U.S.C. § 1983 against various prison officials, alleging that officials violated his due process rights by failing to credit his account with interest earned on his funds. On cross-motions for summary judgment, the district court ruled that Tellis failed to establish a protected property interest in interest earned on his funds. Judgment was entered for defendants, and Tellis timely appealed.

## STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment. *McGuckin v. Smith,*

---

1. Tellis also alleged that prison authorities refused to allow him to use his funds to hire an investigator, in violation of his right of access to the courts. We address this claim in a separate, unpublished memorandum disposition.

974 F.2d 1050, 1059 (9th Cir.1992). Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing *Hutchinson v. United States,* 838 F.2d 390, 392 (9th Cir.1988)).

In this case, the evidentiary materials submitted by the parties on cross-motions for summary judgment raise no genuine issue of material fact. Therefore, we review the judgment of the court below to determine whether the undisputed facts entitled defendants to judgment as a matter of law.

## DISCUSSION

 The Fifth Amendment declares that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358 (1980). That prohibition applies to the States through the Fourteenth Amendment. *Id.* It is undisputed that prison officials have not "compensated" Tellis for the use of the interest earned on his savings. The only question then, is whether the failure to credit interest actually earned on Tellis's savings to his account constitutes a "taking" within the meaning of the Fifth Amendment.

 The due process guarantees of the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1316 (9th Cir.1989). Protected property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709.

Tellis contends that Nevada Revised Statute 209.241[2] ("Prisoners' Personal Property Fund") creates such a protected property interest. In relevant part, § 209.241 provides that:

1. The director may accept money, including the net amount of any wages earned during the incarceration of an offender after any deductions made by the director, and valuables belonging to an offender at the time of his incarceration or afterward received by gift, inheritance or the like, or earned during the incarceration of the offender and shall deposit the money in the prisoners' personal property fund, which is hereby created as a trust fund.

. . . . .

3. The interest and income earned on the money in the fund, after deducting any applicable charges, *must be credited to the fund.*

§ 209.241 (emphasis added).

Specifically, Tellis argues that the mandatory language of subsection 3, requiring that interest be credited to the prisoners' fund, creates a protected property interest in such interest. In response, defendants contend that the director of prisons retains complete discretion to disburse that interest because the statute contains no explicit restriction on that discretion.[3]

We conclude that Tellis's construction of § 209.241 is consistent with both the plain language of that section, and a reading of that section in the context of the entire statute.

First, "a statute must, if possible, be construed in such fashion that every word has some operative effect." *United States v. Nordic Village Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). Section § 209.241 makes mandatory the deposit of interest and income earned on money in the prisoners' personal property fund. It makes no mention of authority to withdraw such interest and income under any circum-

---

2. All references to statutory sections are to Nevada Revised Statutes.

3. Defendants have been using interest earned on prisoner funds for prisoner recreation and law library expenses since 1981. They contend that annual audits gave the legislature constructive notice of this practice, and that the legislature's failure to overrule the practice constitutes tacit approval. However, appellees cite no authority to support such an approach to statutory construction.

stances. The requirement to credit interest and income earned to that fund would be meaningless in practical effect if we construe the section to authorize the director to spend that money at his discretion.

Second, the "statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.,* —— U.S. ——, ——, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991) (citations omitted) (refusing to imply a limitation on one section of a statute where other sections expressly incorporated such limits).

Other sections of Chapter 209 of the Nevada Revised Statutes expressly authorize prison officials to expend the funds and interest earned on those funds under certain enumerated circumstances. For example, § 209.221 requires that money received from certain sources be deposited in an "offenders' store fund." § 209.221(1). Money deposited in that fund "must be expended for the welfare and benefit of all offenders." § 209.221(3). Interest and income earned on the offenders' store fund "must be credited to the fund and may only be disbursed as authorized by the legislature." § 209.225. *See also* § 209.-383(3) (revenue earned on the sale of blood by prisoners, along with interest and income earned on that money, must be deposited in a fund for destitute prisoners; money may only be withdrawn by the director to pay stipends to destitute offenders); § 209.231 (money received from operation of a conservation camp to be deposited in a "forestry account" and that money may only be expended for enumerated forestry-related purposes). Thus, we must assume that the legislature would have expressly authorized expenditure of money earned on prisoners' personal funds if it intended to do so.

The plain language of this section, read in the context of the entire statute, does create a protected property interest in interest and income actually earned on money deposited in the prisoners' personal property fund. As such, the director's failure to credit Tellis's account with interest earned on his funds violates Tellis's due process rights. *See Webb's,* 449 U.S. at 164, 101 S.Ct. at 452 ("The earnings of a fund are incidents of ownership of the fund itself and are property just as the fund itself is property.").

## CONCLUSION

We reverse and remand this matter to the district court for entry of judgment in favor of Tellis on this claim.

REVERSED.

FARRIS, Circuit Judge, dissenting:

I would welcome a constitutional right to interest, as would others in the marketplace, but there is none.

Our case law makes it clear that "the plaintiff must show that a protected property interest was taken." *Sierra Lake Reserve v. City of Rocklin,* 938 F.2d 951, 956 (9th Cir. 1991). Tellis has not and can not meet this burden. He relies on Nevada Revised Statutes, § 209.241 (1989), which states that the "interest and income earned ... must be credited to the [prisoners'] fund." Tellis can not claim that he had a reasonable expectation of receiving a slice of the fund interest when, since 1981, the interest has been used to support prison law libraries and to purchase recreational equipment for the inmates. I respectfully dissent.