26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick H. KOHLER, Plaintiff-Appellant,
v.
Bryn ARMSTRONG; et al., Defendants-Appellees.
 No. 93-17003.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Kohler, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against the Nevada Board of Parole Commissioners and its members. Kohler alleged that his due process rights were violated when the Parole Commission reviewed his parole status. The district court dismissed Kohler's action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).
 
 
 4
 A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty interest, protected by the Constitution, in being paroled. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 843 (9th Cir.1985).
 
 
 5
 "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7; accord Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989). "Nevertheless, early release statutes can create a 'liberty interest protected by due process guarantees.' " Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (per curiam) (quoting Greenholtz, 442 U.S. at 12). Moreover, "[a] state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Id. (citing Baumann, 754 F.2d at 844. However, no protected entitlement to release exists unless a state scheme includes a formula which mandates release after the occurrence of specified events. Baumann, 754 F.2d at 844 (stating that the unique "shall/unless" formula was decisive in Greenholtz ). "That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained"; such a hope is not protected by due process. Greenholtz, 442 U.S. at 11; Baumann, 754 F.2d at 844.
 
 
 6
 The Nevada parole statutes do not create a liberty interest in parole. Indeed, the Nevada legislature has specifically stated that release on parole is an act of grace and that "it is not intended that the establishment of standards relating thereto create any such right or interest in liberty." Nev.Rev.Stat. Sec. 213.10989. Although sections 213.1099 and 213.10987 specify the factors the Parole Commission is required to consider when determining an inmate's parole status, they do not place substantive limitations on the exercise of discretion. See Greenholtz, 442 U.S. at 12; Bermudez, 936 F.2d at 1067; Baumann, 754 F.2d at 844. Therefore, Kohler does not have a state-created protected liberty interest in being released on parole. See Greenholtz, 442 U.S. at 12; Bermudez, 936 F.2d at 1067; Baumann, 754 F.2d at 844.
 
 
 7
 Because Kohler has not demonstrated that he has a protected liberty interest in being released on parole, we need not consider whether his due process rights were violated. See Greenholtz, 442 U.S. at 7; Roth, 408 U.S. at 569; Tellis, 5 F.3d at 1316; Baumann, 754 F.2d at 843.
 
 
 8
 Because Kohler does not have a protected liberty interest in being paroled, he has failed to state a claim for relief. See Love, 915 F.2d at 1245. Moreover, allowing Kohler to amend his complaint would be futile, because he cannot demonstrate a state-created liberty interest. See Noll, 809 F.2d at 1448. Therefore, the district court properly dismissed Kohler's action.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3