**UNITED STATES COURT OF APPEALS**
**Filed 12/6/96**
**TENTH CIRCUIT**

RICK D. PETRICK,

      Plaintiff-Appellant,

v.

LARRY A. FIELDS and DAN REYNOLDS,

      Defendants-Appellees.

No. 96-6076
(D.C. No. CIV-94-1284-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rick Dean Petrick, a prison inmate proceeding pro se, instituted this action pursuant to 42 U.S.C. § 1983, alleging Defendants (prison officials) have unconstitutionally taken interest earned on funds in his prison accounts, violating his Fifth and Fourteenth Amendment rights to due process. The district court, adopting the recommendation of the magistrate judge, granted Defendants' motion for summary judgment. We affirm.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* We view the evidence and draw any inferences therefrom in the light most favorable to the party opposing summary judgment. *Id.*

Mr. Petrick has two prison accounts. The first is his inmate draw account. The second is a mandatory savings account.[1] Mr. Petrick contends prison

---

[1] Oklahoma law mandates the placement of not less than twenty percent of inmate wages in a mandatory savings account, payable to the prisoner upon discharge or assignment to a prerelease program. Okla. Stat. Ann. tit. 57, § 549(A)(5) (West 1991 & Supp. 1994).

officials violated his Fifth and Fourteenth Amendment rights to due process by either not paying him interest earned on his accounts, or by removing earned interest from his accounts. Which of these alternatives Mr. Petrick alleges is unclear from his pleadings; at times he appears to posit the former, whereas at other times he seems to claim the latter. Because statements of Mr. Petrick's prison accounts show interest was never paid into his accounts, we find Mr. Petrick's second contention to be meritless, leaving us to address only his claim that prison officials violated his constitutional right to due process by not paying him interest on funds in his accounts.

We hold summary judgment for Defendants is appropriate because Mr. Petrick has no constitutionally protected property interest in interest earned on funds in his statutory draw or mandatory savings accounts. "The due process guarantees of the Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)), *cert. denied,* 115 S. Ct. 354 (1994); *see also, e.g., Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 536 (10th Cir. 1995). To establish such a protected property interest, Mr. Petrick must have a "legitimate

claim of entitlement" to interest earned on funds in his accounts. *See Roth*, 408

U.S. at 577. The *Roth* Court further explained:

> Property interests, of course, are not created by the Constitution.
> Rather, they are created and their dimensions are defined by existing
> rules or understandings that stem from an independent source such as
> state law--rules or understandings that secure certain benefits and
> that support claims of entitlement to those benefits.

*Id.* Thus, we must determine whether Oklahoma law, or some other independent

source, entitles Mr. Petrick to interest earned on funds in his prison accounts.


Oklahoma law does not provide such an entitlement. The Oklahoma

statutes governing the administration of an inmate's draw and mandatory savings

accounts clearly do not require interest earned on those accounts to be credited to

the inmate. Rather, the statute governing Plaintiff's draw account is silent on the

issue, *see* Okla. Stat. Ann. tit. 57, § 549(A)(4) (West 1991 & Supp. 1994), and the

statute governing interest earned on Mr. Petrick's mandatory savings account

explicitly denies Mr. Petrick the right to any such interest earned. *Id.* §

549(A)(5)-(6) (West Supp. 1994); *see also Cumbey v. Oklahoma*, 699 P.2d 1094,

1097-98 (Okla.) (holding inmates failed to establish a legal right to interest on

funds in mandatory savings accounts), *cert. denied*, 474 U.S. 838 (1985); *cf.*

*Tellis*, 5 F.3d at 1316 (holding Nevada statute mandating interest earned on

inmate accounts be credited to inmates created protected property interest in such earned interest).

Neither do prison policies or regulations provide Mr. Petrick a constitutionally protected property interest in interest earned on funds in his draw or mandatory savings accounts. On appeal, Mr. Petrick quotes a standard propounded by the American Correctional Association to state "[i]f a centralized fund is used for the depositing of inmates' accounts, the interest from these accounts should accrue to the inmate."[2] However, although standards promulgated by expert organizations such as the American Correctional Association may be informative in some instances, "they simply do not establish the constitutional minima." *Bell v. Wolfish,* 441 U.S. 520, 543-44 n.27 (1979); *see also Rhodes v. Chapman,* 452 U.S. 337, 348 n.13 (1981). Mr. Petrick also cites to prison regulation OSP-120101-10, § IX, which allows inmates to open

[2] Mr. Petrick attributes this quote to American Correctional Association Standard 2-4052. We presume Mr. Petrick is referring to the second edition of the American Correctional Association Standards for Adult Correctional Institutions. The third, and most recent, edition contains somewhat different language from that Mr. Petrick quotes and seems to limit its applicability to optional interest-bearing savings accounts. *See* American Correctional Association, Standards for Adult Correctional Institutions § 3-4046 (3d ed. 1990) (referencing 2d ed. § 2-4052). In any case, our holding that the American Correctional Association standards do not establish constitutional minima renders a determination of the accuracy of Mr. Petrick's quotation unnecessary.

interest bearing savings accounts. However, this regulation does not apply to an inmate's statutory draw account or mandatory savings account; rather, it refers to an optional third form of prison account. Because Mr. Petrick does not allege, nor does the record show, he has such an account, the prison regulation upon which he relies is inapposite to his claims.

Accordingly, because neither Oklahoma state law nor any other "independent source" provide Mr. Petrick a constitutionally protected property interest in interest earned on funds in his draw or mandatory savings accounts, his claim must fail.

We **AFFIRM** the holding of the district court.

<div style="margin-left:40%">

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge

</div>