104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff CAMPER, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; J.C. Kenney; Samuel Sublett;
William Gaspar; Sgt. Washington; CSO Duran; CSO
Orr; Straub, Officer; Rodriques, CSO;
and Jackie Canary, Defendants-Appellees.
 No. 96-15157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey K. Camper, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991), and we affirm.
 
 
 3
 On appeal, Camper contends that the district court erred by granting summary judgment for defendants on his claims that defendants' misuse of money from the special services fund deprived him of property in violation of the Due Process Clause. This contention lacks merit.
 
 
 4
 "The due process guarantees of the Fifth and Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake." Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). "Property interests ... are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Roth, 408 U.S. at 577; accord Tellis, 5 F.3d at 1316. "To have a property interest in a benefit ..., a person must ... have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577.
 
 
 5
 Prior to 1995, the statute that governed the special services fund stated:
 
 
 6
 All special service fund monies shall be held in trust by the department for the benefit and welfare of committed offenders and may be used for the benefit, education and welfare of such offenders, including the establishment, maintenance, purchase of items for resale and other necessary expenses of operation of canteens and hobby shops.
 
 
 7
 A.R.S. § 41-1604.03(B) (1994).
 
 
 8
 The statute was amended in 1995 and currently states:
 
 
 9
 The special services fund, including the inmate recreation fund, may be used for the benefit, education and welfare of committed offenders, including the establishment, maintenance, purchase of items for resale and other necessary expenses of operation of canteens and hobby shops.
 
 A.R.S. § 41-1604.03(B) (1994 Supp.)
 
 10
 The prison regulation governing the special services fund explicitly states that the list of permissible expenditures is not exhaustive. See Ariz. Dep't of Corrections Internal Management Policy No. 302.1.3 at § 6.4.3 (1991).
 
 
 11
 This statutory and regulatory authority does not sufficiently circumscribe the discretion of prison officials so as to create a legitimate claim of entitlement that the fund be spent in any particular manner. Camper argues that the pre-1995 version of the statute, which states that the fund monies are held in trust for prisoners, is sufficient to create a property interest. Even if this statutory language is sufficient to impose certain fiduciary obligations on prison officials, such obligations do not circumscribe prison officials' discretion as to the items and services on which the money may be spent.
 
 
 12
 Accordingly, we conclude that the district court did not err by granting summary judgment for defendants by concluding that Camper had no property interest in the special services fund.
 
 
 13
 Camper also contends that the district court erred by failing to compel defendants to produce certain requested documents. Because Camper never raised an objection before the district court with respect to defendants' alleged failure to comply fully with discovery requests, Camper cannot raise this objection on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 14
 Finally, we reject Camper's contention that the district court's mere reference to St. Hilaire v. Lewis, No. 93-15129, 1994 WL 245614 (9th Cir. June 7, 1994) (unpublished memorandum disposition), is sufficient ground for reversing the district court's grant of summary judgment.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal