104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael A. TROUTMAN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; J.C. Kenney; Samuel Sublett;
William Gaspar; Sgt. Washington; CSO Duran; CSO
Orr; Straub, Officer; Rodriques, CSO;
and Jackie Canary, Defendants-Appellees.
 No. 96-15271.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael A. Troutman, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991), and we affirm.
 
 
 3
 On appeal, Troutman contends that the district court erred by granting summary judgment for defendants on his claims that defendants' misuse of money from the special services fund and refusal to return his stereo deprived him of property in violation of the Due Process Clause. This contention lacks merit.
 
 
 4
 "The due process guarantees of the Fifth and Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake." Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). "Property interests ... are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Roth, 408 U.S. at 577; accord Tellis, 5 F.3d at 1316. "To have a property interest in a benefit ..., a person must ... have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577.
 
 
 5
 Prior to 1995, the statute that governed the special services fund stated:
 
 
 6
 All special service fund monies shall be held in trust by the department for the benefit and welfare of committed offenders and may be used for the benefit, education and welfare of such offenders, including the establishment, maintenance, purchase of items for resale and other necessary expenses of operation of canteens and hobby shops.
 
 
 7
 A.R.S. § 41-1604.03(B) (1994).
 
 
 8
 The statute was amended in 1995 and currently states:
 
 
 9
 The special services fund, including the inmate recreation fund, may be used for the benefit, education and welfare of committed offenders, including the establishment, maintenance, purchase of items for resale and other necessary expenses of operation of canteens and hobby shops.
 
 A.R.S. § 41-1604.03(B) (1994 Supp.)
 
 10
 The prison regulation governing the special services fund explicitly states that the list of permissible expenditures is not exhaustive. See Ariz. Dep't of Corrections Internal Management Policy No. 302.1.3 at § 6.4.3 (1991).
 
 
 11
 This statutory and regulatory authority does not sufficiently circumscribe the discretion of prison officials so as to create a legitimate claim of entitlement that the fund be spent in any particular manner. Troutman argues that the pre-1995 version of the statute, which states that the fund monies are held in trust for prisoners, is sufficient to create a property interest. Even if this statutory language is sufficient to impose certain fiduciary obligations on prison officials, such obligations do not circumscribe prison officials' discretion as to the items and services on which the money may be spent.
 
 
 12
 Accordingly, we conclude that the district court did not err by granting summary judgment for defendants by concluding that Troutman had no property interest in the special services fund.
 
 
 13
 For similar reasons, we reject Troutman's contention regarding the refusal to return his personal stereo. According to Troutman's complaint, defendants adopted a policy in March 1994 regulating the size and number of stereos a prisoner could possess. In April 1994, the Department of Corrections issued a clarification of the policy which stated: "The intent of IMP 301.17 is to not allow inmates to receive CD players. Those that were in the institution prior to the effective date of March 1, 1994 are considered to be 'grandfathered'."
 
 
 14
 Troutman had sent his stereo, which was still under warranty, to the manufacturer to be repaired prior to the clarification of the policy. When the stereo was returned to the prison, the defendants refused to return it to Troutman because it did not meet the requirements of the new policy and it was not "in the institution" prior to March 1, 1994.
 
 
 15
 Again, we cannot conclude that the prison policy to which Troutman directed the district court's attention gave rise to a legtimate claim of entitlement to the return of his stereo. Accordingly, we conclude that the district court did not err in granting summary judgment on Troutman's claim that he was deprived of property in violation of the due process clause.
 
 
 16
 Finally, we reject Troutman's contention that the district court's mere reference to St. Hilaire v. Lewis, No. 93-15129, 1994 WL 245614 (9th Cir. June 7, 1994) (unpublished memorandum disposition), is sufficient ground for reversing the district court's grant of summary judgment.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Troutman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal