107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David BILLUPS, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 96-3286.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 David Billups, an Ohio state prisoner, appeals pro se a district court judgment dismissing his complaint filed under 42 U.S.C. § 1983 for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Billups filed this action for declaratory, injunctive and monetary relief against the Director of the Ohio Department of Rehabilitation and Correction (ODRC), the cashier at the Southern Ohio Correctional Facility, where Billups is incarcerated, and the chief inspector of the ODRC. He alleged that he was being deprived of interest on funds in his prison account without compensation or due process, in violation of the Fifth and Fourteenth Amendments. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6), upon concluding that Billups had no property interest in earning interest on the money in his inmate account. On appeal, Billups argues that he does have a property interest, that he was denied needed discovery and that this case should have been certified as a class action.
 
 
 4
 Upon de novo review, we conclude that this complaint was properly dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039 (6th Cir.1991). The due process guarantees of the Fifth and Fourteenth Amendments apply only when a constitutionally protected property interest is at stake. Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993), cert. denied, 115 S.Ct. 354 (1994). No property interest has been created by Ohio law, which does not require that prisoners be paid interest on their accounts. See Ohio Admin.Code § 5120-5-02. Accordingly, no set of facts would have entitled Billups to the relief requested, and no further discovery was necessary. The lack of a basis in law for this claim also renders futile the request for class certification.
 
 
 5
 The judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation