108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Max DUNLAP, Plaintiff-Appellant,
v.
Samuel LEWIS, Director, Arizona Department of Corrections
and is being sued in his individual, personal and official
capacity; Paul J. Schriner, Dep. Warden, Rynning Unit,
Arizona State Prison Complex-Florence sued in his
individual, personal and official capacity; Charles Ryan,
Florence Regional Warden, sued individually, personally, and
in his official capacity, Defendants-Appellees.
 No. 96-15807.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Max Dunlap, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Dunlap's 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 Dunlap contends that the district court erred by granting summary judgment for defendants on his claim that defendants, by removing weight-lifting equipment from the prison, violated his constitutional right to exercise. This contention lacks merit. See Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir.1979) (holding that a lack of exercise opportunities is not cruel and unusual punishment unless officials prohibit access outside a prison cell for long periods of time).
 
 
 4
 To the extent Dunlap contends that defendants were deliberately indifferent to his serious medical needs, he failed to show more than a difference in opinion between a prisoner-patient and a prison doctor. See Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 Dunlap contends that the district court erred by granting summary judgment for defendants on his claim that defendants breached a fiduciary duty and deprived him of his due process rights. This contention lacks merit.
 
 
 6
 Dunlap alleged that he had a property interest in the weight-lifting equipment because it was purchased with funds from the Inmate Activities and Recreation Fund ("A & R Fund"). Because the statute and regulation allow for Arizona Department of Corrections ("ADOC") officials' discretion in spending fund monies, there is no legitimate entitlement claim. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993).
 
 
 7
 Dunlap contends that the district court erred by granting summary judgment for defendants on his claims that ADOC officials retaliated against him due to prior litigation and this litigation. This contention lacks merit.
 
 
 8
 Dunlap failed to show a nexus between his participation as an unnamed class plaintiff in the prior litigation and defendants' removal of weight-lifting equipment from all ADOC prisons. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)). Defendants produced uncontroverted evidence that the weight-lifting equipment was removed due to legitimate economic, security, and health concerns. See id.
 
 
 9
 To the extent Dunlap contends that the district court should have considered his claim alleging he was transferred to another prison in retaliation for this litigation, the district court did not abuse its discretion. See Nelson v. Pima Community College, 83 F.3d 1075, 1083 (9th Cir.1996) (holding that denial of leave to amend is not abuse of discretion where amendment would be futile).
 
 
 10
 Accordingly, the district court did not err by granting summary judgment for defendants. See Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal