116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Earl GREENE, Plaintiff-Appellant,
v.
Maricopa County; Maricopa County Sheriff's Office; Dr.
Potts; Dr. Garcia; Dr. Hoffer; Dr. Osborne,
Defendants-Appellees.
 No. 96-15367.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-93-00649-ROS; Roslyn O. Silver, District Judge, Presiding.
 Before NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Earl Greene, a former inmate in the Maricopa County jail, appeals pro se the district court's summary judgment for defendants in Greene' § 42 U.S.C. § 1983 action alleging deliberate indifference to his serious mental-health needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, see Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir.1993), and we affirm.
 
 
 3
 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). This rule applies to mental-health services. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982). When a prisoner alleges that a delay in medical treatment evidenced the deliberate indifference, however, the prisoner must show that the delay caused an injury. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc); see also Wood v. Housewright, 900 F.2d 1332, 1334-35 (9th Cir.1990). Here, although the record shows that there was a ten-day delay between Greene's request to see a psychiatrist and his evaluation, Greene submitted no evidence that this delay in treatment resulted in an injury or worsened his condition.
 
 
 4
 A difference of opinion between prison officials and the prisoner concerning the appropriate course of treatment fails to establish deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 117 S.Ct. 584 (1996). Thus, Greene's disagreement with prison officials concerning the proper medication for his illness is insufficient to establish deliberate indifference.
 
 
 5
 Accordingly, the district court did not err by granting summary judgment for defendants. See Jackson, 90 F.3d at 332; McGuckin, 974 F.2d at 1060. Greene also contends that the district court erred by granting summary judgment before Greene had an adequate opportunity to complete discovery. Generally, summary judgment should not be granted before the completion of discovery. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Here, however, Greene had ample time to conduct discovery. Moreover, Greene did not file a motion pursuant to Fed.R.Civ.P. 56(f) or affidavits explaining what information would be obtained through additional discovery and how such information would create an issue precluding summary judgment. See Fed.R.Civ.P. 56(f); Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusements, Inc., 840 F.2d 1394, 1400 (9th Cir.1987).
 
 
 6
 Greene further contends that the district court erred by denying his motion for appointment of counsel. We cannot conclude that Greene's likelihood of success, the complexity of the issues, or his degree of ability to articulate his claims amounted to exceptional circumstances justifying the appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Accordingly, the district court did not abuse its discretion by denying Greene's motion for appointment of counsel. See id.
 
 
 7
 Finally, Greene contends that the district court erred by denying his motion to recuse the magistrate judge presiding over his case. Greene's only evidence of the magistate judge's bias and prejudice came from judicial rulings and failed to "reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Accordingly, we cannot conclude that the district court erred by denying Greene's recusal motion. See id.
 
 
 8
 Because the material accompanying Greene's request for judicial notice is not "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," we deny the request. See Fed.R.Evid. 201(b).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal