125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin James BLAKE, Plaintiff-Appellant,
v.
Peter WILSON, Governor of the State of California; James H.
Gomez, Director of the Department of Corrections, State of
California; Thomas W. Hayes, Director of the Department of
Finance, State of California; Gray Davis, State Controller,
State of California, Defendants-Appellees.
 No. 97-15069.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-95-02034-LKK; Lawrence K. Karlton, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin James Blake, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging the violation of his constitutional rights in connection with defendants' use of the interest on his inmate trust account. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 After a de novo review, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), we agree with the district court that Blake failed to raise a genuine issue of material fact as the whether Cal.Penal Code § 5008 creates a liberty interest, cf. Tellis v. Godinez, 5 F.3d 1314, 1317 (9th Cir.1993). With respect to Blake's other claims, we affirm for the reasons stated in the magistrate judge's findings and recommendations, filed on November 1, 1996, and adopted by the district court in an order filed on December 20, 1996.[1]
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Blake's objection to the filing of appellees' appeal brief, because appellees obtained an oral extension of time to file their brief
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal