127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott Howell DUKE, Plaintiff-Appellant,
v.
Terri LE DOUX, Lt., Warden, P. Hultman, Sgt., Shift
Supervisor, C. Olmstead, Sgt. Shift Supervisor,
Heinschied, c/o, O. Milsap, Trudy De
Voss, c/o, Defendants-Appellees.
 No. 97-15787.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Lawrence K. Karlton, Chief District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Scott Howell Duke, a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action alleging a violation of his right to access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, see Tellis v. Godinez, 5 F.3d 1314, 1315 (9th Cir.1993), and we affirm.
 
 
 3
 Duke contends that the district court erred in granting summary judgment because genuine issues of material fact precluded entry of summary judgment. This contention lacks merit.
 
 
 4
 To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996). To prove "actual injury," a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 2180. A prisoner who is represented by counsel "has no constitutional right of access to legal materials." United States v. Robinson, 913 F.2d 712, 717 (9th Cir.1990).
 
 
 5
 Here, Duke was incarcerated in the El Dorado County Jail from July 15, 1994 to June 22, 1995 and then transferred to state prison. All of the named defendants are employees of the El Dorado County Jail. Duke claims that he suffered "actual injury" in five separate actions as a result of inadequate access to legal materials while he was incarcerated in the county jail. As to four of these actions (including his state direct criminal appeal),[1] Duke was represented by appointed counsel. Thus, he has no right of access to legal materials with regard to these matters. See Robinson, 913 F.2d at 717. As to the civil suit in which Duke was not represented, Duke was granted forty-five days to amend on August 11, 1995 and the case was ultimately dismissed in November 1995. As of June 22, 1995, Duke was no longer in county custody. Because Duke had the opportunity to amend after he was no longer incarcerated in the county jail, he cannot show that the deficiencies in the county's library or legal assistance program "hindered his efforts to pursue a legal claim." See Lewis, 116 S.Ct. at 2180.
 
 
 6
 Duke also contends that the district court erred by not ordering service of his supplemental complaint on the California Department of Corrections. This contention lacks merit.
 
 
 7
 "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990). However, the prisoner is required to make such a request and provide the marshal with sufficient information to serve the defendant. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994).
 
 
 8
 Here, Duke's supplemental complaint which was filed on June 17, 1996 included causes of action relating to access to the courts while he was incarcerated in state prison. The complaint did not identify any state employees. There is no evidence in the record that Duke requested that the supplemental complaint be served on any California Department of Corrections personnel or that he provided sufficient information to identify any potential state defendants. Thus, the district court did not err by not ordering service. See Walker, 14 F.3d at 1422.
 
 
 9
 Duke's contention that the district court erred by not granting his motion to compel also lacks merit.
 
 
 10
 Under the Federal Rules of Civil Procedure, a district court may continue a motion for summary judgment to allow additional discovery by a party opposing summary judgment. See Fed.R.Civ.P. 56(f). However, the party filing a Rule 56(f) motion must show how additional discovery would assist him in opposing summary judgment. See California Union Ins. v. American Diversified Savings Bank, 914 F.2d 1271, 1278 (9th Cir.1990).
 
 
 11
 Here, in his motion for summary judgment, Duke sought, in the alternative, a motion to compel. While it is not clear that Duke properly filed a Rule 56(f) motion, it does not appear that any further discovery would assist him. Thus, the district court properly denied his motion to compel. See id.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Duke claims that the supplemental brief he filed in his criminal appeal was inadequate due to the county jail's legal materials and specifically cites to People v. Pope, 23 Cal.3d 412 (1979) as a case not available in the jail. Duke does not demonstrate how lack of access to the Pope case "hindered his efforts" to pursue his claims in his supplemental brief. See Lewis, 116 S.Ct. at 2180. Further, Duke filed a petition for rehearing in this case in December 1995 after he was no longer incarcerated in the county jail. The petition for rehearing does not raise the issue of access to legal materials but rather raises access to transcripts
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal