**Wesley EUBANKS, et al.,**
**Plaintiffs-Appellants,**

v.

**O.L. McCOTTER, Director, Texas**
**Department of Corrections, et**
**al., Defendants-Appellees.**

**No. 85–2566.**

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1986.

Wesley Eubanks, Albert Aranda, Riley R. Fultz, Ricky Morrow, James X Henry Jones Bankhead, Allan H. Beck, pro se.

Levi Guzman, Angleton, Tex., Miles Cohn, Houston, Tex., for plaintiffs-appellants.

Jim Mattox, Atty. Gen., Gabriel G. Quintanilla, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before GEE, POLITZ and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

The appellants are inmates in Texas prisons. They filed an action alleging that they were deprived of property rights in certain funds without due process of law in violation of the fifth and fourteenth amendments and 42 U.S.C. § 1983. They appended state-law claims against prison officials, alleging various fraudulent and illegal uses of inmate funds and breaches of fiduciary duty. The district court dismissed the complaint for lack of subject matter jurisdiction. We reverse and remand for a decision on the merits.

## I.

The appellants filed this action in July 1984. Their pro se complaint is a bewildering assortment of allegations concerning the financial wrongdoings of state prison officials. The officials are alleged to have violated both state and federal laws. Reviewing the complaint with the patience and liberality required by law,[1] and with the aid of counsel appointed for this appeal,[2] there are two federal claims that can be gleaned from these allegations.

The appellants object to the handling of two kinds of accounts maintained for the inmates by the Department of Corrections. The first is the prisoner's personal account authorized by article 6166y, Texas Revised Civil Statutes.[3] This account consists of all monies found on the inmate at the time of his incarceration, or earned or received by him during his incarceration. The appellants allege that the Department of Corrections pools these accounts into an "Inmate Trust Fund."[4] earns interest on the money, but does not pay the interest to the prisoners. They argue that the interest on these accounts is their property which is taken by the Department without due process of law.

The second disputed account is the "Education and Recreation Fund," into which are deposited proceeds from the operation of the prison commissary. 37 Tex.Admin. Code § 61.26. According to the Administrative Code, "These [commissary] proceeds are used to complement treatment programs for the inmates." *Id.* The appellants allege that inmates have a state-created property interest in the commissary proceeds, that some of the proceeds are spent on items that do not benefit the inmates, and that this amounts to a deprivation of property without due process of law.

In July 1985, the district court dismissed the action *sua sponte* under Rule 12(h)(3), Federal Rules of Civil Procedure, for want of subject matter jurisdiction. The court's order of dismissal simply stated that the complaint did not allege a deprivation of any right, privilege, or immunity secured by the constitution or laws of the United States, and that the court was therefore without jurisdiction. The court also taxed costs for this action against the appellants, who were proceeding *in forma pauperis.*

## II.

When the basis of federal jurisdiction is intertwined with the plaintiff's federal cause of action, the court should as-

---

1. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971) (per curiam reversal of Rule 12(b)(6) dismissal of prisoner's pro se complaint).

2. We sympathize with the district judge who made the jurisdictional determinations under the time pressures of a crowded docket and without the help of competent counsel on behalf of appellants. The appellants' legal position, however, is now clear and we must decide the case as it is presented to us.

3. Prisoners, when received into the penitentiary, shall be carefully searched. If money be found on the person of the prisoner, or re-

ceived by him at any time, it shall be taken in charge by the manager, and placed to the prisoner's credit, and expended for the prisoner's benefit on his written order, and under such restrictions as may be prescribed by law or the rules....

Tex.Rev.Civ.Stat.Ann. art. 6166y.

4. The Texas Administrative Code instructs those sending money to prisoners to specify the name and number of the prisoner and to make their certified check or money order payable to "Inmate Trust Fund." *See* 37 Tex.Admin.Code § 61.25(b)(1).

sume jurisdiction over the case and decide the case on the merits. *Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–76, 90 L.Ed. 939, 943 (1945); *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). "The question of subject matter jurisdiction and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action." *Clark v. Tarrant County, Texas,* 798 F.2d 736, 742 (5th Cir.1986) (citation omitted). In *Williamson,* we explained that

> no purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.... Therefore as a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action.

645 F.2d at 415–16. The basic reason for this rule is obvious. If federal jurisdiction turned on the *success* of a plaintiff's federal cause of action, no such case could ever be dismissed on the merits.

The exceptions to the rule of *Bell v. Hood* are that jurisdictional dismissal is proper if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. at 682–83, 66 S.Ct. at 776, 90 L.Ed. at 943. This "standard is met only where the plaintiff's claim 'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'" *Williamson,* 645 F.2d at 416 (quoting *Bell v. Health-Mor, Inc.,* 549 F.2d 342, 344 (5th Cir.1977)).

The appellants claim that officials of the Department of Corrections have deprived them of rights secured by the Constitution under color of state law in violation of § 1983. They invoked general "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. This is a classic example of a case in which the federal cause of action and federal jurisdiction are interdependent. Thus, the only question is whether the appellants' claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or if "such a claim is wholly insubstantial and frivolous." This case does not fall within either of those exceptions.

■ The appellants' federal claims are not immaterial or designed solely to obtain jurisdiction. While the appellants have advanced various claims that can only be read as grounded in state law, they also clearly allege violations by state officials of federal constitutional protections. The first exception to the rule of *Bell v. Hood* is designed to capture those cases in which a plaintiff with state law claims merely trumps up federal jurisdiction for strategic reasons. It does not appear from this complaint that appellants' federal claims are any less serious than their state claims.

■ The appellants' claims are not wholly insubstantial or frivolous. Similar claims about interest on inmate savings accounts have been successfully maintained. *See Fayerweather v. Wainwright,* No. TCA 75–3 (N.D.Fla. Aug. 20, 1976), Pov.L.Rep. ¶ 23,325 (CCH 1976) (nonconsensual taking of interest from an inmate's account and the placing of it in a general welfare fund to be expended for the benefit of other prisoners as well as employees of the prison is clearly a taking of property without due process of law and violates equal protection). In *Douglas v. Ward,* Civ. No. 77–2559 (S.D.N.Y. Aug. 30, 1977) (Frankel, J.), a similar complaint survived a motion to dismiss. Another Southern District judge later described the outcome of *Douglas:* "Morrison and three other ... inmates succeeded in overturning the Correction Department's practice of neither paying interest on prisoners' savings accounts nor allowing prisoners to deposit their money in outside interest-bearing accounts." *Morrison v. Lefevre,* 592 F.Supp. 1052, 1060 (S.D.N.Y.1984). *See also Gray*

*v. Lee*, 486 F.Supp. 41 (D.Md.1980) (refusal to pay interest on inmate accounts did not deprive inmates of property without due process "[i]nasmuch as prisoners may transfer funds from their spending account to a 'free-world' interest bearing savings account"), *aff'd*, 661 F.2d 921 (4th Cir. 1981).[5]

Also, appellants' claim that they have a state-created property interest in the "Education and Recreation Fund" is not frivolous on its face. *See, e.g., O'Connell v. Southworth*, 422 F.Supp. 182, 185 (D.R.I. 1976) (prisoners' first amendment rights violated when administrators of Inmates Welfare Fund refused to pay for leaflet mailing; parties stipulated that Fund, derived from profits from vending machines, inmate store, etc., "belongs to the inmates").

■ Because the federal causes of action in appellants' complaint were neither immaterial nor frivolous, the district court erred in dismissing this case for lack of subject matter jurisdiction.[6]

### III.

We hold only that appellants' federal claims are minimally sufficient to require a decision on the merits. We express no further views on the merits. That is entirely for the district court in the first instance. Furthermore, we express no opinion on the proper disposition of the appellants' pendant state law claims. These decisions as well are for the informed discretion of the district court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 1139, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Laird v. Board of Trustees of Institutions of Higher Learning*, 721 F.2d 529, 534 (5th Cir.1983).

REVERSED and REMANDED.

**5.** It is not clear from the record whether Texas inmates can obtain and use outside interest-bearing savings accounts if they so choose; but this fact is important only on the merits of the claim.

**6.** Our decision renders moot, for now, the question whether the district court could properly assess costs against parties proceeding *in forma pauperis*.