972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James M. HENDRIX, Plaintiff/Appellant,
v.
Daniel F. EVANS, Jr., John T. Shettle, Cloid Shuler, et al.,
Defendants/Appellees.
 No. 91-3259.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided Aug. 13, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 James Hendrix claims that officials at the Indiana State prison violated his First and Fourteenth Amendment rights. The district court entered summary judgment against Hendrix, and we affirm.
 
 I. BACKGROUND
 
 2
 Until recently, Hendrix inhabited K Dormitory, a facility located outside the walls of the Indiana State Prison (ISP). Hendrix and other inmates from K Dormitory sued various prison officials alleging violations of their constitutional rights. 42 U.S.C. § 1983.
 
 
 3
 Several of these claims arose out of Hendrix's participation in Lifers United for Penal Progress ("Lifers"). Hendrix and other Lifers hoped to lobby in favor of a prison reform bill before the Indiana General Assembly. Hendrix criticized the appellees' refusal to support the bill and claimed that they prevented him from participating in Lifers meetings.
 
 
 4
 Hendrix also challenged the allocation of prison funds. At the ISP, an inmates's money is not within his direct control; it is put in a trust account maintained by prison officials. Although the money from the trust is placed in interest-bearing accounts, the prisoners do not receive the interest income, which is invested in the Prison Recreation Fund. This fund, according to Hendrix, benefits prisoners inside prison walls but not those in K Dormitory. Hendrix also objected to a prison policy which prevents prisoners from sending money to non-relatives without a substantiated reason.
 
 
 5
 The appellees moved for summary judgment on all of these claims[1], which the district court granted. Hendrix appealed.
 
 II. ANALYSIS
 
 6
 Although prisoners' rights are not co-extensive with the rights of other citizens, a prisoner nonetheless retains rights "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Jones v. North Carolina Prisoners Labor Union, Inc., 433 U.S. 119, 125 (1976). With this in mind, we review the record de novo to determine if the court properly entered summary judgment. Hayes v. Otis Elevator Co., 946 F.2d 1272, 1277 (7th Cir.1991). We affirm if we find "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 A. First Amendment Claims
 
 7
 Hendrix claims that the appellees violated the First Amendment by preventing him from lobbying for legislation. In support of his claim, Hendrix makes two allegations[2]; neither warrants relief.
 
 1. The Leaflets
 
 8
 Hendrix's first claim, that the appellees prevented him from distributing pamphlets, is as the district court pointed out, "vague at best." The claim does not appear in Hendrix's pleadings and is only alluded to in one of his affidavits. The affidavit reads:
 
 
 9
 I served as president of this organization from 1976 until 1984. In 1983 I sought assistance from two Indiana State Senators on a proposal to allow inmates to earn incentive credits from successfully completing educational and vocational training while incarcerated. To promote our efforts leaflets would be published and mailed to the voting public.
 
 
 10
 This cursory allegation fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). A plaintiff states a claim when his allegations, if taken as true and viewed in the most favorable light, "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir.1985); Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir.1985), cert. denied, 475 U.S. 1047 (1986).
 
 
 11
 Hendrix's affidavit fails to outline several facts that are crucial to his recovery. Most importantly, it never alleges that the defendants were personally involved in the incident or that the actions were taken pursuant to some official policy. Hill v. Shelander, 924 F.2d 1370, 1372 (7th Cir.1991) (an official capacity civil rights suit must involve an unconstitutional policy or law): Duckworth v. Franzen, 780 F.2d 645, 650 (7th Cir.1985); cert. denied, 479 U.S. 816 (1986) (an individual capacity § 1983 claim must allege personal involvement). These deficiencies allow us to dismiss Hendrix's claims sua sponte. Apostol v. Landau, 957 F.2d 339, 343 (7th Cir.1992) (a court may dismiss sua sponte if the plaintiff's allegations provide a sufficient basis for our action).
 
 2. The lobbying efforts
 
 12
 Hendrix also contends that he was forbidden from investing his own money in a lobbying effort. Hendrix never addressed this issue in district court, where he argued only that the appellees refused to support his political efforts. Because of his failure to raise the issue below, his claim is waived. Kenisington Rock Island Ltd. Partnership v. American Eagle Historical Partnership, 921 F.2d 122, 124 (7th Cir.1990).
 
 
 13
 However, even if Hendrix had not waived the claim, he failed to provide enough evidence to survive summary judgment. At summary judgment, the non-movant must present affidavits and other evidence establishing a material issue of fact. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The only evidence presented by Hendrix was a letter from Cloid Shuler, a Deputy Commissioner from the Department of Corrections (IDOC). This letter certainly shows the IDOC opposed his plans, but not that it prevented Hendrix from investing his own money. In fact, the first sentence of the letter voices only the prison's refusal to "support and fund" Hendrix's efforts.
 
 
 14
 We, therefore, affirm the district court's dismissal of Hendrix's First Amendment Claims.
 
 B. Fourteenth Amendment Claims
 1. Equal Protection
 
 15
 Hendrix claims that the prison violated the Equal Protection clause by providing athletic equipment to prisoners within prison walls, but not to those in K Dormitory. Hendrix alleges that denying equipment to K Dormitory was unfair because all prisoners, including those in K Dormitory, paid for recreational equipment with the interest from their trust fund accounts.
 
 
 16
 When analyzing an equal protection claim, we first determine whether the claim involves a suspect class or fundamental right. Plyler v. Doe, 457 U.S. 202, 216-17 (1982). Prisoners are not a suspect class, Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir.1990), and the right to recreational equipment is not a fundamental right.[3] Hill v. Hutto, 537 F.Supp. 1185, 1188 (E.D.Va.1982). Because no fundamental rights or suspect classifications are implicated, we need only determine "if the classification drawn is rationally related to a legitimate state interest." Cleburne v. Cleburne Living Center Inc., 473 U.S. 432, 440 (1985); Zobel v. Williams, 457 U.S. 55, 60 (1982).
 
 
 17
 In Hendrix's case, we find no equal protection violation because the recreational policy was rationally related to the prison's interest. The prison possessed limited equipment, which it allocated to the large number of prisoners inside prison walls. Although this may have seemed unfair to the prisoners in K Dormitory, it was a rational way to provide equipment to the greatest number of prisoners. The fact that the prisoners from K Dormitory indirectly paid for the equipment is of no constitutional significance.
 
 2. Due Process
 
 18
 Hendrix claims that prison officials violated the Due Process clause by withholding interest earned on his trust fund and by prohibiting him from mailing money to non-relatives. Although both correspondence and prison trust accounts may implicate constitutional rights, see Gaines v. Lane, 790 F.2d 1299 (7th Cir.1986); Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.1986), restrictions on these rights are valid if "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 19
 Both restrictions in Hendrix's case are valid. The restriction on sending money helps to control contraband and to prevent prison escapes. See id. at 91-93 (limiting inmate-to-inmate correspondence to immediate family members is reasonably related to security interests). Confiscating interest on accounts allows the prison to provide recreational equipment to prisoners. Neither restriction is an unreasonable or overbroad method of achieving its respective goal.
 
 
 20
 The decision of the district court is therefore
 
 AFFIRMED
 
 21
 CUDAHY, Circuit Judge, concurring.
 
 
 22
 Since I understand Hendrix's trust account involves de minimis amounts, this may be adequate reason for denying his due process claim without having to address any broader issues that might be raised. Cf. Eubanks v. McCotter, 802 F.2d 790, 793-94 (5th Cir.1986).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This case originally involved several plaintiffs and a large number of claims. The district court dismissed most of the plaintiffs and severed a prison conditions claim from this action. It then entered final judgment on the dismissed claims, allowing Hendrix to appeal
 
 
 [2]
 Hendrix raises a third claim that has both First Amendment and Due Process elements. The claim, which pertains to a prison policy about sending money through the mail, is addressed in Part II(B)(1) of this order
 
 
 [3]
 Although we have recognized that prisoners have a right to recreation, French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985), we have never considered recreational equipment a fundamental right under Equal Protection Clause. See San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 33 (1973) (a fundamental right must be "explicitly or implicitly guaranteed by the constitution); French, 777 F.2d at 1255 (the Eighth Amendment is implicated where a denial of exercise causes the muscles to atrophy and threatens the health of the individual)