**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30643
Summary Calendar

FRANK DARRYL STEWART ,

Plaintiff-Appellant,

VERSUS

JERRY J. LARPENTER, Sheriff; MARCEL J. NULL, Warden;
TERREBONNE PARISH CONSOLIDATED GOVERNMENT; BARRY BONVILLAIN,
Parish President; LINDA BABIN; STEPHEN LARUSSA AND
ASSOCIATES; WILLIAM F. DODD,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(97-CV-915-E)

December 23, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank Darryl Stewart, a Terrebonne Parish pretrial detainee, filed this 42 U.S.C. 1983 suit

alleging that the Parish, the Sheriff, and other defendants deprived him of property in violation of the

Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution. The district

court dismissed this suit as frivolous under 28 U.S.C. 1915. We affirm in part, reverse in part, and

remand.

I.

Upon entering the Terrebonne Parish Criminal Justice Complex on two separate occasions,

Stewart delivered the money in his possession to the parish prison officials. The prison officials hold

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

this money until the time when the prisoner is to be released. According to Stewart's complaint, the prison officials pay the released inmate the exact amount of money that the inmate tendered upon entering the prison. This was Stewart's experience the first time he was arrested.

Stewart is still in jail following his second arrest. Stewart alleges that the prison officials told him that he had no right to handle his own financial affairs while he was in prison. He maintains that the prison officials debited and credited his account incorrectly on several occasions. Stewart filed suit seeking to recover for these losses as well as to force the prison officials to pay interest on inmate accounts.

## II.

We review a § 1915 dismissal for abuse of discretion.[2] Section 1915 authorizes the district court to dismiss complaints that are frivolous or malicious, or that do not state a cause of action upon which relief can be granted.[3]

Neither negligent nor intentional deprivations of property by state officials violate the Due Process Clause when the officials' acts are random and unauthorized and state law provides adequate post-deprivation remedies.[4] Louisiana law provides an adequate mechanism to remedy both negligent and intentional deprivations of property.[5] Stewart's complaint that the prison officials failed to properly credit and debit his inmate bank account does not rise to the level of a due process violation.

## III.

Stewart's allegation that the prison officials unconstitutionally took the interest from his prison account is another matter, however. Stewart's complaint alleges a standard practice of placing prisoner's funds in the sheriff's accounts without giving the prisoners the interest earned on those

---

[2]     *Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).

[3]     28 U.S.C. § 1915 (e)(2)(B).

[4]     *Hudson v. Palmer*, 468 U.S. 517, 532-4 (1984).

[5]     *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); La. Civil Code Ann. art. 2315 (West 1997).

funds. According to the complaint, these are not random events that fall under the rule applied above.

To state a claim based upon the taking of property under the Due Process Clause, Stewart must allege that he was deprived of a protected property interest.[6] Property interests are created and defined by state law.[7] In Louisiana, the general rule is that interest earned on funds held by a depository institution belongs to the owner of the principal, and not the depository institution.[8] The depository institution is to hold the principal and interest; it cannot make use of the funds for its own benefit without the express or implied consent of the depositor.[9] Based upon these principles, the Louisiana Attorney General's Office issued opinion No. 88-619 on March 10, 1989 concluding that "[a]ny and all interest income received from the investment of the inmate's money is the property of the inmate for his sole use and benefit."

In 1990, the Louisiana legislature modified these rules with respect to inmate accounts.[10] "All past and present interest income earned from the investment of inmates' money shall be deposited in the fund established for the benefit of all inmates, pursuant to R.S. 15:866.2. The interest earned may be used to help defray administrative costs, to seed new institutions' inmate welfare funds, and to provide for other expenditures which will benefit the inmate population." This new provision reverses the conclusion envisioned by the Attorney General in Opinion No. 88-619. Assuming that the new provision is constitutional, an inmate does not have a protected property interest in the interest earned on funds deposited with prison officials.[11]

---

[6] *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).

[7] *Id.* at 577.

[8] La. Civ. Code Ann. art. 2948 (West 1997).

[9] La. Civ. Code Ann. art 2940 (West 1997).

[10] *See* La. Rev. Stat. Ann. § 874 (West 1997) (historical and statutory notes).

[11] Several other courts have addressed similar issues in cases from other states. For example, one court found that Nevada law created a property interest in the interest earned on inmate funds. See *Tellis v. Godinez*, 5 F.3d 1314, 1316-7 (9th Cir. 1993). Other courts reached the opposite conclusion when applying California and Indiana law. *See Schneider v. Cal. Dept. of Corrections*, 957 F.Supp 1145, 1147-9 (N.D. Cal. 1997); *Hendrix v. Evans*, 715 F.Supp 897, 910-11 (N.D. Ind.

3

We reverse the district court's dismissal of this suit, however, because we find that Stewart has raised a legitimate constitutional challenge to the practice authorized by La. R.S. § 874(5). Because we read *pro se* complaints liberally, we find that Stewart's complaint challenges the statute itself. This challenge is not frivolous.[12] Both the U.S. Supreme Court and this Court have found state statutes and rules authorizing the transfer of interest from the principal owner to the state to be unconstitutional. In *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, the Supreme Court held a Florida statute authorizing the state to retain interest earned on funds deposited with the clerk in an interpleader action to be unconstitutional.[13] In *Washington Legal Foundation v. Texas Equal Access to Justice Foundation*, this Court held the Texas IOLTA program to be unconstitutional because it authorized the use of interest earned on client trust fund accounts to be used for the benefit of the public at large without compensating the client.[14] These cases provide at least an arguable basis for the Louisiana statute's unconstitutionality. It may be that these cases are distinguishable from the facts in the present case or that the use of funds for the benefit of the prisoners may save this provision. This is not an issue that we address absent a full opportunity for the two adverse paries to brief the merits of this challenge.[15]

## IV.

The district court abused its discretion in dismissing Stewart's due process claim for the taking of interest as frivolous. The district court did not err in dismissing the remaining claims.

We AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

---

1989), *aff'd* 972 F.2d 351 (7th Cir. 1992). These decisions do not conflict because each is tied to state law.

[12]    *See Eubanks v. McCotter*, 802 F.2d 790, 793-4 (5th Cir. 1986).

[13]    449 U.S. 155 (1972).

[14]    94 F.3d 996 (5th Cir. 1996), *cert. granted*, 117 S.Ct. 2535 (1997).

[15]    Because this is a challenge to the constitutionality of the statute, the interest of the state of Louisiana must also be considered. 28 U.S.C. § 2403(b).

4