United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-30507

WORLDWIDE PARKING, INC.,

Plaintiff-Appellant,

versus

NEW ORLEANS CITY,

Defendant-Appellee,

STANDARD MUNICIPAL PARKING JOINT VENTURE,

Intervenor-Appellee.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:04-CV-1134-T)

Before REAVLEY, HIGGINBOTHAM and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Worldwide Parking Inc. ("Worldwide") appeals the district court's dismissal

of its complaint for lack of subject matter jurisdiction.  This court has jurisdiction

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 28 U.S.C. § 1291. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 576-77 (5th Cir. 2002) (stating that this court has inherent jurisdiction to determine its own jurisdiction as well as that of the district court). We reverse.

## I. Background

In 2003, the City of New Orleans ("the City") initiated a "Request for Proposals" ("RFP") for the provision of parking meter equipment and service, wishing to upgrade its parking to multi-space, electronic meters. Four companies, including Worldwide and Standard Municipal Parking Joint Venture ("Standard"), bid in response to the RFP. The City awarded the contract to Standard.

Worldwide brought suit against the City in April 2004 in federal court. In its complaint, Worldwide alleged that the City violated its due process rights under the federal Constitution when it failed to award the contract to Worldwide as required by Louisiana's Public Bid Law and the City's Home Rule Charter, asserting federal jurisdiction under 28 U.S.C. § 1331. In May 2004, the district court concluded *sua sponte* in a hearing on Worldwide's request for a preliminary injunction that Worldwide did not have a protectible property interest in the contract, because the contract called for professional services and was thus not subject to the Public Bid

Law or the Charter.  Consequently, the court dismissed for want of subject matter jurisdiction.[1]

## II.  Standard of Review

Worldwide asserts that the district court erred in dismissing for lack of subject matter jurisdiction, because the fact issues determinative of jurisdiction are intertwined with the merits of its due process claim.  We review *de novo* "whether the district court had discretion to resolve disputed facts dispositive of subject matter jurisdiction[.]"[2] *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

## III.  Dismissal for Lack of Subject Matter Jurisdiction Was Improper

---

[1] Worldwide also asserted two supplemental state claims which the district court declined to entertain after finding federal question jurisdiction lacking.

[2] The parties dispute the applicable standard of review.  Worldwide contends that our review is *de novo*, accepting all facts pleaded in the complaint as true.  The City contends that we review the district court's dismissal *de novo*, but its resolution of factual issues on which it based the dismissal for clear error.  Neither standard is on point.  Where, as here, factual issues dispositive of jurisdiction may be intertwined with the merits, we are not called upon initially to review the district court's findings of fact.  Rather, we must first determine the legal issue of whether the district court had discretion to make those findings in its determination that subject matter jurisdiction was lacking.  Only if the district court had such discretion must we then subject its findings to review.  Because we conclude that the district court lacked that discretion in the present case, we need not review its factual findings.

The Louisiana Public Bid Law requires that political subdivisions award contracts for public works or purchases of supplies or materials to the lowest responsible bidder. LA. REV. STAT. ANN. § 38:2212 (West Supp. 2004). The Public Bid Law does not apply to contracts for services. *Wallace Stevens, Inc. v. Lafourche Parish Hosp. Dist. No. 3*, 323 So.2d 794, 796 (La. 1975); La. Atty. Gen. Op. No. 1999-280 (2000). The City Charter contains a similar requirement, but exempts only contracts for *professional* services. City of New Orleans Home Rule Charter § 6-308(5) (1996), *available at* http://www.new-orleans.la.us/home/cityInformation/charter.php (last visited Feb. 15, 2005); *New Orleans Rosenbush Claims Serv., Inc. v. City of New Orleans*, 653 So.2d 538, 546 (La. 1995). Courts have held that these provisions create a property interest in the lowest responsible bidder protected by due process. *Nolan Contracting, Inc. v. Reg'l Transit Auth.*, 651 F. Supp. 23, 26 (E.D. La. 1986); *Williams v. Bd. of Supervisors*, 388 So.2d 438, 441 (La. Ct. App. 1980).

The parking meter contract at issue here called for both services and equipment. In determining whether the Public Bid Law applies in such cases, Louisiana courts have looked to whether the bulk of the contract concerns services or equipment. *Rosenbush*, 653 So.2d at 546-47; La. Atty. Gen. Op. No. 1999-280 (2000). In cases involving the City Charter, courts have looked to whether the bulk

4

of services to be provided are professional or not. *Council of New Orleans v. Morial*, 390 So.2d 1361, 1363-65 (La. Ct. App. 1980).

Worldwide asserts that it was the lowest responsible bidder for the parking meter contract and that the bulk of the contract called for equipment and non-professional services, making it subject to the Public Bid Law and City Charter.[3]  If these factual assertions are true, Worldwide has stated a viable constitutional claim and the district court had federal question jurisdiction.  If either of these assertions is not true, Worldwide's constitutional claim fails, leaving no basis for federal question jurisdiction.

Consequently, we are faced with the situation where "the challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action"—in other words, where factual issues determinative of jurisdiction are intertwined with or identical to factual issues determinative of the merits.

---

[3] The City, in addition to contesting Worldwide's characterization of the contract as mostly for equipment and non-professional services, asserts that the Public Bid Law and Charter do not apply, because the City let out the contract pursuant to an RFP rather than a solicitation for bids.  We reject this argument, because it would allow the City to circumvent the requirements of the Public Bid Law and Charter simply by characterizing a solicitation as an RFP.  The material question is not what label the City attaches to its solicitation, but whether the subject matter of the solicitation falls within the requirements of the Public Bid Law and the Charter.  *Cf. Rosenbush*, 653 So.2d at 545 (noting that "[t]he Public Bid Law was enacted . . . to prevent public officials from awarding contracts on the basis of favoritism or possibly exorbitant and extortionate prices," and thus rejecting the City's attempt to circumvent the Public Bid Law's requirement that the City provide just cause for rejecting a bid by reserving a right to reject in its bid proposal).

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981); *see Clark v. Tarrant County, Texas*, 798 F.2d 736, 742 (5th Cir. 1986) ("The questions of subject matter jurisdiction and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action."). The district court's resolution of the factual issue of whether the contract called for mostly professional services precluded federal jurisdiction because it doomed Worldwide's federal claim on the merits. In such a case, the rule of *Bell v. Hood* requires the district court to assume jurisdiction and decide the case on the merits. 327 U.S. 678, 682 (1946); *Montez*, 392 F.3d at 150; *Eubanks v. McCotter*, 802 F.2d 790, 792-93 (5th Cir. 1986); *Williamson*, 645 F.2d at 416 ("[A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action.").[4]

---

[4] The court in *Williamson* noted that the rule of *Bell* provides more protection to a plaintiff who is really facing a challenge to the validity of her claim disguised as a jurisdictional challenge, because

> the defendant is forced to proceed under Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) or Rule 56 (summary judgment)—both of which place greater restrictions on the district court's discretion. The court must take the plaintiff's allegations as true when a Rule 12(b)(6) motion is raised, and in addition must determine that no genuine issue of material fact exists when a Rule 56 motion is granted. . . . [A] Rule 12(b)(1) motion[, on the other hand,] can be based on the court's resolution of disputed facts in the record.

645 F.2d at 415-416. This protection is especially necessary where, as here, the defendant has not moved for dismissal under Rule 12(b)(1), but the district court *sua sponte* dismisses for lack of subject matter jurisdiction based on its resolution of disputed facts determinative of the merits, without providing the plaintiff with any notice of its intention to do so.

6

In *Bell*, the Supreme Court recognized two narrow exceptions to that general rule, allowing jurisdictional dismissal if the federal claim: (1) "clearly appears to be immaterial or frivolous and made solely for the purpose of obtaining jurisdiction;" or (2) is "wholly insubstantial and frivolous." 327 U.S. at 682-83; *Williamson*, 645 F.2d at 415. Neither exception applies here. Because courts have held that the Public Bid Law creates a protectible property interest in the lowest responsible bidder[5], we cannot say that Worldwide's due process claim is immaterial, insubstantial, or frivolous. *See Williamson*, 645 F.2d at 416 (stating that the *Bell* exceptions apply "only where the plaintiff's claim 'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'" (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977)).

## IV. Conclusion

The district court erred in dismissing Worldwide's complaint for lack of subject matter jurisdiction based on its resolution of disputed facts determinative of both subject matter jurisdiction and the merits.

REVERSED and REMANDED.

---

[5] *Nolan Contracting*, 651 F. Supp. at 26; *Williams*, 388 So.2d at 441.