# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 16, 2012

Lyle W. Cayce
Clerk

No.12-40792
USDC No. 2:11-CV-330

ANTONIO M. LACY,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonio M. Lacy, Texas prisoner # 594575, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his prison disciplinary conviction. He contends that his liberty and property interests were implicated by the denial of procedural due process in connection with his disciplinary hearing. His punishment included a reprimand, 45 days of commissary and cell restriction, a reduction in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time-earning status, and the subsequent forfeiture of $200 from his inmate trust fund account.

With regard to his liberty interest claims, Lacy has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2). With regard to Lacy's claim that the forfeiture of $200 infringed his property interests, the district court should have entertained the claim under 42 U.S.C. § 1983. *See Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986); *see also Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987). The court's determination that the proper defendant could not be determined is incorrect as Lacy's pleadings indicate Warden Jackson and Sgt. D. Mayer were involved in the forfeiture. Additionally, the *Parratt/Hudson* doctrine does not bar Lacy's due process claim because the prison officials' actions in this case were pursuant to routine disciplinary procedure. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990).

We therefore DENY the motion for a COA in part, GRANT the motion for a COA in part, VACATE the district court's judgment, and REMAND for the district court to consider only Lacy's claim regarding the infringement of his property interest without procedural due process. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).