# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2021

Lyle W. Cayce
Clerk

No. 20-30671
Summary Calendar

Jarvis Brown,

*Petitioner—Appellant*,

*versus*

Chris McConnell,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:20-CV-885

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Jarvis Brown, federal prisoner #08200-028, appeals the denial of his 28 U.S.C. § 2241 petition asserting that he was denied due process of law in a prison disciplinary hearing. We review *de novo* the dismissal of a § 2241 petition on the pleadings. *See Garland v. Roy*, 615 F.3d 391, 396 (5th Cir.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2010).

The district court denied Brown's petition because he could not establish a due process violation and his claim was not cognizable in a habeas corpus petition. Because Brown did not brief the latter issue, he abandoned any argument that the district court erred by concluding that he did not have a cognizable habeas claim. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

With respect to any civil rights claims, the label a prisoner gives to *pro se* pleadings is not controlling; rather, courts look to the content of the pleading. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Brown asserts that he was fined based on the outcome of his disciplinary hearing, implicating a property interest. *See Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986). That property interest supports a non-habeas consideration of whether the procedures related to his deprivation of property were constitutionally sufficient. *See Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017). The district court, however, did not address whether Brown was denied a property interest or otherwise stated a cognizable civil rights claim where a *Bivens* remedy is available. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In light of the foregoing, the denial of Brown's habeas petition is AFFIRMED. The district court's dismissal of Brown's civil rights claim is VACATED and REMANDED for the district court to consider whether Brown has alleged a cognizable civil rights claim where a *Bivens* remedy is available. Brown's motion for the appointment of counsel is DENIED without prejudice. We express no view on what decisions the district court should make on remand.